

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MICHAEL O'NEAL,<br><br>    Plaintiff,<br><br>    v.<br><br>D. LEE, et al.,<br><br>    Defendants. | Case No. EDCV 11-0210-DMG (MLG)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

## I. Facts

On February 11, 2011, Plaintiff Michael O' Neal filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the Defendants, all of whom are employed by the California Department of Corrections at the Ironwood State Prison in Blythe, California, violated his Eighth Amendment right to be free from cruel and unusual punishment by acting with deliberate indifferent toward his serious medical needs.

More specifically, Plaintiff alleges that on June 14, 2008, he was being transported by institutional ambulance to the Central Health Care area of the prison because of chest pains and shortness of breath. While being removed from the rear of the ambulance on an

unsecured gurney by Defendants D. Lee, M. Urquides, Nurse T. Jolsins, and (LVN) Tennesford, he was dropped on the pavement, causing permanent injury to his head and spine. Plaintiff seeks injunctive relief and damages.

## II. Discussion and Analysis

### A. Duty to Screen

The Court has screened the complaint prior to ordering service in order to determine whether the action is frivolous or malicious, fails to state a claim upon which relief could be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). The Court's screening of the Complaint under the foregoing statute is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Since Plaintiff is appearing pro se, the Court must construe the allegations of the Complaint liberally and must afford Plaintiff the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the Plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)

citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff is required to present factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1949-50.

### B. Plaintiff Has Failed To State An Eighth Amendment Claim Against Any Defendant

Plaintiff alleges that all Defendants were deliberately indifferent to his serious medical needs by dropping him from the gurney on which they were transporting him for medical care.

Under the Eighth Amendment, the government has an obligation to provide medical care for prisoners. *Estelle v. Gamble*, 429 U.S. 97 (1976). However, not every breach of that obligation is of constitutional magnitude. In order to succeed on an Eighth Amendment medical care claim, Plaintiff must show "deliberate indifference to serious medical needs." *Id.* at 104.

In the Ninth Circuit, the deliberate indifference test is comprised of two parts. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). Plaintiff must first show the existence of a "serious medical need." "Examples of serious medical needs include 'the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" *Lopez* 203 F.3d at 1131 (quoting *McGuckin*, 974 F.2d at 1059-60).

In addition, Plaintiff must show that the defendant's response to this need was deliberately indifferent. *Jett*, 439 F.3d at 1096. Prison officials may be deliberately indifferent to a prisoner's

serious medical needs when they delay, deny or intentionally interfere with medical treatment. *Id.*; *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992) (overruled on other grounds). Deliberate indifference exists only where the prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *accord Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *McGuckin*, 974 F.2d at 1060 ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established.").

Under this standard, neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, rise to the level of a constitutional violation. *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). Moreover, a plaintiff's disagreement with the type and adequacy of the medical treatment that he was provided does not rise to the level of a constitutional violation. *Estelle*, 429 U.S. at 107 (complaint that a doctor has been negligent in treating a medical condition does not state a valid claim under the Eighth Amendment); *Jackson*, 90 F.3d at 332.

Here, it is apparent that Plaintiff believes that Defendants botched their duty to transport him safely to the prison hospital. Even assuming this to be true, Plaintiff has not alleged a cognizable cause of action for deliberate indifference to a serious medical need. Rather he has only alleged run-of-the-mill negligence with respect to the skill and performance of the Defendants, not a Constitutional violation. This is particularly so when the medical record attached to the complaint show that Plaintiff received

4

immediate care after the accident and has been provided long term treatment for his injuries by the California Department of Corrections. This is simply insufficient to state a claim upon which relief may be granted under the Eighth Amendment.

### III. Conclusion

After review and consideration of the complaint, the Court finds that it fails to state a claim on which relief may be granted as to any of the Defendants. Accordingly, the complaint is dismissed with leave to amend. It is hereby **ORDERED**:

1. All claims against all Defendants are dismissed with leave to amend as the complaint fails to allege a viable constitutional claim for violations of civil rights for the reasons stated above.

2. It is established that a *pro se* litigant must be given notice of the deficiencies of the complaint and an opportunity to amend the complaint to state a claim, unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *Karim-Panahi*, 839 F.2d at 623; *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, if Plaintiff wishes to pursue this action against the dismissed Defendants, he may file a first amended complaint within **twenty-one (21) days** of the date of this Order, remedying the deficiencies discussed above. The first amended complaint must set forth all of the facts which support Plaintiff's claims and may not refer to the original complaint. Pursuant to Fed.R.Civ.P. 8, Plaintiff should make a short and plain statement of the facts underlying his claims in numbered paragraphs and omit legal and factual conclusions. The first amended complaint should be captioned "FIRST AMENDED COMPLAINT," and should bear this case name.

The first amended complaint must clearly identify the specific acts on which the claims are based, as well as the names of the Doe Defendants, to the extent he knows them. It should include the date, time, place, and circumstances of the offending conduct, the full details of what each defendant did or failed to do, and the damage or injury suffered by Plaintiff as a result.

Plaintiff is cautioned that he is responsible for presenting factually accurate information to the court. A knowing misrepresentation to the Court is punishable by sanction, including dismissal.

3. Plaintiff is cautioned that the failure to timely file a first amended complaint will be construed by the magistrate judge as his consent to dismissal of this action as to the defendants and claims outlined above.

4. The Court's deputy clerk shall serve on Plaintiff a copy of this memorandum and order and a blank civil rights complaint form bearing the case number assigned to this action and marked to show that it is a "First Amended Complaint." If Plaintiff chooses to continue prosecuting this action, Plaintiff must use this form to the extent possible and not simply attach other documents to it or attempt to incorporate claims by reference to the attachments. He may, however, attach additional pages to detail his allegations, if necessary.

Dated: February 18, 2011

_____
Marc L. Goldman
United States Magistrate Judge